UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **LAURA A. SACKS, Acting Regional Director, Region 1, National Labor Relations Board, for and on Behalf of the NATIONAL LABOR RELATIONS BOARD**<br><br>**Petitioner**<br><br>vs.<br><br><br>**NRT BUS, INC.**<br><br>**Respondent** | C.A. No. 1:21-cv-11084 |

PETITION FOR TEMPORARY INJUNCTION UNDER
SECTION 10(j) OF THE NATIONAL LABOR RELATIONS ACT

Comes now Laura A. Sacks, Acting Regional Director for Region 1 of the National Labor Relations Board (the "Board"), and petitions this Court for and on behalf of the Board, pursuant to Section 10(j) of the National Labor Relations Act, as amended ("the Act") (29 U.S.C. § 160(j)), for appropriate injunctive relief pending the final disposition of the matters involved herein pending before the Board on the Complaint and Notice of Hearing of the Acting General Counsel of the Board in Case No. 01-CA-268388 alleging that NRT Bus, Inc. ("Respondent") has engaged in, and is engaging in, an unfair labor practice in violation of Sections 8(a)(5) and (1) of the Act. On June 15 and June 16, 2021, an administrative hearing took place before Administrative Law Judge Robert Ringler.  In support of this Petition, Petitioner has filed an Appendix of Attached Documents, which includes various official Board documents, pleadings,

and exhibits from the underlying administrative hearing.[1]  Further, in support of the Petition, Petitioner respectfully shows as follows:

1. Petitioner is the Acting Regional Director of Region 1 of the Board, an agency of the United States Government, and files this petition for and on behalf of the Board.

2. Jurisdiction of this Court is invoked pursuant to Section 10(j) of the Act.

## BACKGROUND

3. On October 29, 2020, the Charging Party, the International Brotherhood of Teamsters, Local 170 (the "Union"), filed a charge in Case No. 01-CA-268388 alleging that Respondent had engaged in, and is engaging in, an unfair labor practice within the meaning of Sections 8(a)(5) and (1) of the Act.  The charge and corresponding affidavit of service are attached hereto as General Counsel Exhibit 1(a) and 1(b).

4. The aforesaid charge was referred to the Acting Regional Director of Region 1 of the Board.  Following an investigation of the allegations in which Respondent was given the opportunity to present evidence and legal argument, the Acting Regional Director, on behalf of the Acting General Counsel of the Board, pursuant to Section 10(b) of the Act, issued a Complaint and Notice of Hearing (the "Complaint"), on April 8, 2021, alleging that Respondent engaged in, and is engaging in, an unfair labor practice as charged within the meaning of Sections 8(a)(5) and (1) of the Act.  The Complaint and corresponding affidavit of service are attached hereto as General Counsel Exhibit 1(c) and 1(d).

---

[1] The attached exhibits are marked for identification as they were received in evidence in the underlying administrative hearing. References to the transcript in the administrative hearing are followed by a parenthetical indication of the page number of the transcript indicated as "Hr'g Tr. [page number]."

5. Respondent, by its Counsel, filed an Answer to the Complaint (the "Answer") on April 22, 2021. The Answer and corresponding affidavit of service are attached hereto as General Counsel Exhibit 1(e) and 1(f).

6. Pursuant to the Complaint, a hearing commenced on June 15, 2021 and proceeded on the record until June 16, 2021, at which time the hearing closed.

**REASONABLE CAUSE TO BELIEVE THAT RESPONDENT VIOLATED THE ACT**

7. Based upon the evidence offered during the investigation of the unfair labor practice charge described above in paragraph 3 and evidence admitted into the administrative record in the hearing described above in paragraph 6, Petitioner has reasonable cause to believe that the allegations contained in the Complaint are true, and that Respondent has engaged in, and is engaging in, an unfair labor practice within the meaning of Sections 8(a)(5) and (1) of the Act, affecting commerce within the meaning of Section 2(6) and (7) of the Act, for which a remedy will be ordered by the Board. However, Petitioner also has reasonable cause to believe that the Board's order for such remedy will be frustrated without the injunctive relief sought herein. Petitioner asserts that there is substantial likelihood of success in prevailing in the underlying administrative proceedings in Case No. 01-CA-268388, and establishing that Respondent has engaged in, and is engaging in, an unfair labor practice in violation of Sections 8(a)(5) and (1) of the Act. In support thereof, and of the request for temporary injunctive relief, Petitioner, upon information and belief, shows as follows:

(a) At all material times, Respondent, a corporation with an office and place of business located at 2 Fox Road, Hudson, Massachusetts ("Respondent's Hudson facility"), has been engaged in providing school bus transportation to students in various communities throughout the Commonwealth of Massachusetts.

(b)     During the past twelve months, Respondent, in conducting its business operations described above in paragraph 7(a), derived gross revenues in excess of $250,000 and purchased and received at Respondent's Hudson facility products, goods, and materials valued in excess of $5,000 directly from points outside the Commonwealth of Massachusetts.

(c)     At all material times, Respondent has been an employer engaged in commerce within the meaning of Section 2(2), (6) and (7) of the Act.

(d)     At all material times, the Union has been a labor organization within the meaning of Section 2(5) of the Act.

(e)     At all material times, the following individuals held the positions set forth opposite their respective names and have been supervisors of Respondent within the meaning of Section 2(11) of the Act and agents of Respondent within the meaning of Section 2(13) of the Act:

| | | |
|---|---|---|
| John McCarthy | -- | CEO |
| Jackie D'Alio | -- | Operations Manager |

(f)     Prior to July 1, 2020, First Student, Inc. ("First Student") provided school bus transportation for the Westborough, Massachusetts school system and the Union was recognized as the exclusive collective bargaining representative of First Student's employees in Westborough (the "Westborough Unit"), which recognition was embodied in a collective bargaining agreement effective from September 1, 2019 until August 31, 2024.

(g)     The Westborough Unit constitutes a unit appropriate for the purposes of collective bargaining within the meaning of Section 9(b) of the Act.

(h) At all times prior to July 1, 2020, based on Section 9(a) of the Act, the Union has been the exclusive collective bargaining representative of the First Student employees in the Westborough Unit.

(i) About July 1, 2020, Respondent assumed First Student's school bus transportation services for the Westborough school district and since then has continued to operate the business previously performed by First Student in Westborough in basically unchanged form and has employed as a majority of its drivers in Westborough individuals who were previously employees of First Student.

(j) Based on the operations described above in paragraph 7(i), Respondent has continued as the employing entity and is a successor to First Student.

(k) At all times since at least September 11, 2020, based on Section 9(a) of the Act, the Union has been the exclusive collective bargaining representative of Respondent's employees in the Westborough Unit.

(l) About July 14, 2020, the Union, by letter, requested that Respondent recognize it as the exclusive collective bargaining representative of the Westborough Unit and bargain collectively with the Union as the exclusive collective bargaining representative of the Westborough Unit.

(m) Since about July 29, 2020, Respondent has failed and refused to recognize and bargain with the Union as the exclusive collective bargaining representative of the Westborough Unit.

(n) By the conduct described above in paragraph 7(m), Respondent has been failing and refusing to bargain collectively and in good faith with the exclusive collective bargaining representative of its employees in violation of Sections 8(a)(1) and (5) of the Act.

    (o)    The unfair labor practice of Respondent described above affects commerce within the meaning of Section 2(6) and (7) of the Act.

### IRREPARABLE HARM CAUSED BY RESPONDENT'S VIOLATIONS OF THE ACT

    8.    Respondent's unfair labor practice, described above in paragraph 7, has irreparably harmed, and is continuing to harm, Respondent's employees in the exercise of their rights guaranteed by Section 7 of the Act (29 U.S.C. § 157). More specifically, Respondent's unfair labor practice has caused the following harm:

    (a)    Westborough Unit employees have been deprived of and remain without the benefit of representation by the Union, the employees' freely chosen collective bargaining representative.

    (b)    Westborough Unit employees have suffered the loss of the Union's ability to bargain effectively on their behalf, including over their terms and conditions of employment.

    9.    Upon information and belief, unless injunctive relief is immediately obtained, it can fairly be anticipated that employees will permanently and irreversibly lose the benefits of the Board's processes and the exercise of statutory rights, a harm that cannot be remedied in due course by the Board.

    10.    There is no adequate remedy at law for the irreparable harm caused by Respondent's unfair labor practice, described above in paragraph 7.

    11.    Granting the temporary injunctive relief is just and proper to prevent irreparable harm and to preserve the status quo existing prior to the commission of the unfair labor practice.

    12.    Upon information and belief, it may fairly be anticipated that unless Respondent's conduct of the unfair labor practice, described above in paragraph 7, is immediately enjoined and restrained, Respondent will continue to engage in those acts and conduct, or similar acts and

conduct constituting unfair labor practices, during the proceedings before the Board, with the predictable result of continued interference with the rights of employees; that employees will be deprived of their Section 7 rights under the Act to, inter alia, form, join, or assist a labor organization or to refrain from any and all such activities, and to engage in concerted activities; that employees will be denied their statutory right to freely express their choice as to representation or to be represented for collective bargaining purposes by the Union; and that the Union will be unable to ever successfully function as an effective collective bargaining representative of the bargaining unit employees, all to the detriment of the Act's policies, the public interest, the interest of the employees involved, and the interest of the Union.

## **PRAYER FOR RELIEF**

13. Upon information and belief, to avoid the serious consequences set forth above, it is essential, just, proper, and appropriate for the purposes of effectuating the Act's policies and the public interest, and avoiding substantial and immediate injury to such public policies and interest, and in accordance with the purposes of Section 10(j) of the Act that, pending final disposition of the matters presently before the Board, Respondent be enjoined and restrained from the commission of the acts and conduct alleged above, similar acts and conduct or repetitions thereof, and be ordered to take the affirmative action set forth below:

**WHEREFORE** Petitioner prays that an order issue in the following form:

**IT IS HEREBY ORDERED** that, pending the final disposition of the matters here involved pending before the Board, Respondent, its officers, representatives, agents, employees, attorneys, successors and assigns, and all persons acting in concert or participation with it or them, shall:

1. Cease and desist from:

    (a)    Failing and refusing to recognize and bargain in good faith with the Union as the exclusive collective-bargaining representative of all school bus drivers employed to provide transportation services for the Westborough, Massachusetts public school system.

    (b)    In any like or related manner interfering with, restraining, or coercing employees in the exercise of the rights Section 7 of the Act guarantees them.

2. Take the following affirmative action necessary to effectuate the policies of the Act:

    (a)    Immediately recognize and bargain collectively and in good faith with the Union as the exclusive collective-bargaining representative of its Westborough, Massachusetts school bus drivers concerning terms and conditions of employment, and if an understanding is reached, embody it in a signed agreement;

    (b)    Post copies of the District Court's Order at Respondent's Hudson, Massachusetts facility where notices to employees are customarily posted, those postings to be maintained during the pendency of the Board's administrative proceedings free from all obstructions and defacements;

    (c)    Send copies of the District Court's Order to all Westborough bargaining unit employees via Respondent's electronic mail system; and

    (d)    Within twenty (20) days of the District Court's Order issuing, file with the Court and serve a copy upon the Acting Regional Director of Region 1 a sworn affidavit from a responsible official setting forth, with specificity, the manner in which Respondent has complied with the terms of the District Court's Order, including how and when it posted the documents required by the Court's decree.

Dated at Boston, Massachusetts
June 30, 2021

                                            /s/ Laura A. Sacks
                                            Laura A. Sacks, Acting Regional Director
                                            National Labor Relations Board, Region 1

                                            /s/ Colleen M. Fleming
                                            Colleen M. Fleming (NY Bar No. 4891396)
                                            National Labor Relations Board, Region 1
                                            10 Causeway Street, 6th Floor
                                            Boston, Massachusetts 02222
                                            (857) 317-7785
                                            *Attorney for Petitioner*

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon Respondent's Counsel, Daniel J. Sobol, Esq., by electronic email at daniel.sobol@stevenslee.com on June 30, 2021.

    Respectfully submitted,

    /s/ Colleen M. Fleming
    Colleen M. Fleming (NY Bar No. 4891396)
    National Labor Relations Board, Region 1
    10 Causeway Street, 6th Floor
    Boston, Massachusetts 02222
    (857) 317-7785
    *Attorney for Petitioner*